UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| JEREMIAH DAVIS,<br><br>      Plaintiff,<br><br>– against–<br><br>GOVERNMENT EMPLOYEES CREDIT UNION and BLALACK & WILLIAMS, P.C.<br><br>      Defendant(s). | Civil Action No.<br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

COMES NOW Plaintiff, JEREMIAH DAVIS (hereinafter "PLAINTIFF"), by and through his attorneys, the Law Offices of Robert S. Gitmeid & Associates, PLLC, by way of Complaint against Defendants Government Employees Credit Union ("GECU"), and Blalack & Williams, P.C. ("Blalack & Williams"), (together, "DEFENDANTS"), hereby alleges:

1. This is an action for damages brought by an individual for DEFENDANTS' violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter "FDCPA"), breach of the Texas Debt Collection Practices Act, TX FIN § 392, et seq. (hereafter, "TDCPA"), breach of contract, and breach of the implied covenant to cooperate. The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## PARTIES

2. PLAINTIFF, JEREMIAH DAVIS, is an adult residing in El Paso, Texas.

3. PLAINTIFF is a "consumer" as defined by 15 U.S.C. § 1692a(3).

4. DEFENDANT GECU is a business entity incorporated within the State of Texas, with its principal place of business located at 10806 Metric Blvd, Austin, Texas 78758.

5. DEFENDANT BLALACK & WILLIAMS is a professional corporation formed under the laws of the State of Texas, which is regularly engaged in the business of collecting consumer debt, and has its principal place of business located at 4851 Lyndon B. Johnson Freeway, Suite 750, Dallas, Texas 75244.

6. DEFENDANT BLALACK & WILLIAMS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331. The Court has supplemental jurisdiction for any state claims contained within under 28 U.S.C. § 1367.

8. The Court's exercise of personal jurisdiction over DEFENDANTS is valid because a substantial part of the events and omissions giving rise to PLAINTIFF'S claim occurred within the Court's jurisdiction.

9. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

10. On or about April 23, 2018, DEFENDANT BLALACK & WILLIAMS, on behalf of DEFENDANT GECU, entered into a settlement agreement with PLAINTIFF to settle and close PLAINTIFF'S GECU account ending in 9512. A transcription of the phone call disclosure is available upon request.

11. Pursuant to the terms of the settlement agreement, PLAINTIFF was required to make twenty-four (24) payments beginning April 30, 2018, and on the 30th of each

consecutive month thereafter, until payments totaled the agreed settlement balance of $12,689.00.

12. Pursuant to the settlement agreement, PLAINTIFF made twenty-three (23) payments totaling $12,160.33, between April 30, 2018, through February 6, 2020. Proof of these payments is attached hereto as **Exhibit A**.

13. On February 7, 2020, PLAINTIFF, via his debt settlement representative, contacted DEFENDANT BLALACK & WILLIAMS to make the final payment of $528.67. The debt settlement representative spoke to a representative named "Gary," who communicated that the remaining balance in the settlement agreement was $1,939.67. Further, he stated that there was no settlement agreement in the amount of $12,689.00, but rather a settlement agreement in the amount of $14,100.00. PLAINTIFF contacted DEFENDANT BLALACK & WILLIAMS again later that same day, and spoke with "Yessenia," another representative at DEFENDANT BLALACK & WILLIAMS. Yessenia also communicated to PLAINTIFF that there was no settlement agreement in the amount of $12,689.00, but a settlement agreement in the amount of $14,100.00.

14. On February 10, 2019, PLAINTIFF, via his debt settlement representative, contacted DEFENDANT BLALACK & WILLIAMS and spoke with Gary again. During this call, Gary communicated to PLAINTIFF that an attorney with DEFENDANT BLALACK & WILLIAMS verified that there was no settlement agreement in the amount of $12,689.00, but a settlement agreement in the amount of $14,100.00. Gary also communicated that he was never involved with PLAINTIFF's account, and claimed to have no recollection of the April 23, 2018 phone call.

15. On March 10, 2020, PLAINTIFF, via his debt settlement representative, contacted DEFENDANT BLALACK & WILLIAMS and spoke with Yessenia again. Yessenia communicated to PLAINTIFF again that there was no settlement agreement in the amount of $12,689.00, but a settlement agreement in the amount of $14,100.00, and that she verified this with an attorney at DEFENDANT BLALACK & WILLIAMS.

16. On March 30, 2020, DEFENDANT GECU did not accept or pull PLAINTIFF'S final payment of $528.67.

17. On July 8, 2020, PLAINTIFF, via his counsel, reached out to DEFENDANT BLALACK & WILLIAMS via email. In the email, PLAINTIFF explained the terms of the original settlement agreement as being $12,689.00 in twenty-four (24) payments. Further, PLAINTIFF offered to provide an audio recording showing the terms of the original settlement agreement. DEFENDANT BLALACK & WILLIAMS did not respond to PLAINTIFF'S email.

18. On July 29, 2020, PLAINTIFF, via his counsel, sent a demand letter to DEFENDANT BLALACK & WILLIAMS outlining the original settlement agreement in the phone call recording dated April 23, 2018. DEFENDANT BLALACK & WILLIAMS did not respond to PLAINTIFF'S demand letter. A copy of said demand letter is attached hereto as **Exhibit B**.

19. At all times pertinent hereto, DEFENDANTS acted by and through their agents, servants and/or employees, who were acting within the scope and course of its employment, and under the direct supervision and control of the DEFENDANTS herein.

20. At all times pertinent hereto, the conduct of DEFENDANTS, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless,

negligent and in wanton disregard for federal law and the rights of the PLAINTIFF herein.

## COUNT 1
(Violation of the FDCPA)

21. PLAINTIFF reasserts and incorporates herein by reference all facts and allegations set forth above.

22. The above contacts between DEFENDANT BLALACK & WILLIAMS and PLAINTIFF constitute "communications" relating to a "debt" as defined by 15 U.S.C. §§ 1692a(2) and 1692a(5) of the FDCPA.

23. FDCPA 15 U.S.C. § 1692(f) prohibits the use of unfair or unconscionable practices to collect a debt, including collection of any amount not authorized by the contract or law. FDCPA 15 U.S.C. § 1692e(2)(a) prohibits the false representation of the character, amount or legal status of any debt. FDCPA 15 U.S.C. § 1692e(10) prohibits any false, misleading, or deceptive representation or means in connection with the collection of a debt.

24. DEFENDANT BLALACK & WILLIAMS engaged in abusive, deceptive, and unfair collection practices where DEFENDANT BLALACK & WILLIAMS did not accept the final payment of $528.67, as per the terms of the settlement agreement, which was made available by PLAINTIFF on March 30, 2020.

25. DEFENDANT BLALACK & WILLIAMS engaged in abusive, deceptive, and unfair collection practices where DEFENDANT BLALACK & WILLIAMS represented that the debt was not in accordance as per the terms of the settlement agreement.

26. Additionally, DEFENDANT BLALACK & WILLIAMS violated the above provisions where DEFENDANT BLALACK & WILLIAMS misrepresented the debt amount as

being $14,100.00 on February 7, 2020, February 10, 2020, and March 10, 2020, whereas the actual debt amount was actually $12,689.00.

27. DEFENDANT BLALACK & WILLIAMS knew or should have known that its actions violated the FDCPA. Additionally, DEFENDANT BLALACK & WILLIAMS could have taken the steps necessary to bring its actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.

28. As a result of the above violations of the FDCPA, DEFENDANT BLALACK & WILLIAMS is liable to PLAINTIFF for actual damages, statutory damages, attorney's fees and costs.

## COUNT 2
(Violation of the TDCPA)

29. PLAINTIFF reasserts and incorporates herein by reference all facts and allegations set forth.

30. TX FIN § 392.304(a)(8) prohibits the misrepresentation of the character, extent, or amount of a consumer debt. TX FIN § 392.304(a)(19) prohibits debt collectors from using any false representation or deceptive means to collect a debt.

31. DEFENDANTS violated TX FIN § 392.304(a)(8) where DEFENDANT BLALACK & WILLIAMS, on behalf of DEFENDANT GECU, misrepresented the debt amount as being $14,100.00 on February 7, 2020, February 10, 2020, and March 10, 2020, whereas the actual debt amount was actually $12,689.00.

32. DEFENDANTS' actions were deceptive under TX FIN § 392.304(a)(19) where DEFENDANT BLALACK & WILLIAMS, on behalf of DEFENDANT GECU, did

not accept the final payment of $528.67, as per the terms of the settlement agreement, which was made available by PLAINTIFF on March 30, 2020.

33. Additionally, DEFENDANTS' actions were deceptive under TX FIN § 392.304(a)(19) where DEFENDANT BLALACK & WILLIAMS, on behalf of DEFENDANT GECU, represented that the debt was not in accordance as per the terms of the settlement agreement.

34. DEFENDANTS knew or should have known that their actions violated the TDCPA. Additionally, DEFENDANTS could have taken the steps necessary to bring its actions within compliance with the TDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.

35. As a result of the above violations of the TDCPA, DEFENDANTS are liable for actual damages, attorney's fees, and costs.

## COUNT 3
(Breach of Contract)

36. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

37. On or about April 23, 2018, DEFENDANT GECU entered into a settlement agreement with PLAINTIFF to settle and close PLAINTIFF'S GECU account ending in 9512.

38. Pursuant to the terms of the settlement agreement, PLAINTIFF was required to make twenty-four (24) payments totaling $12,689.00.

39. Pursuant to the settlement agreement, PLAINTIFF made twenty-three (23) payments totaling $12,160.33, between April 30, 2018, through February 6, 2020.

40. DEFENDANT GECU'S actions constitute a breach of contract where DEFENDANT GECU agreed to take twenty-four (24) payments as per the settlement agreement, but only accepted and pulled twenty-three (23) payments.

41. Additionally, DEFENDANT GECU'S actions constitute breach of contract where DEFENDANT GECU agreed to a settlement in the amount of $12,689.00, but attempted to collect $14,100.00 by way of their debt collection agent, DEFENDANT BLALACK & WILLIAMS. attempted to collect that PLAINTIFF'S settlement agreement was in a different amount than previously agreed upon on or about April 23, 2018.

42. Further, DEFENDANT GECU's actions constitute breach of contract where DEFENDANT GECU, by way of their debt collection agent, DEFENDANT BLALACK & WILLIAMS, unilaterally changed the terms of the settlement and attempted to collect a settlement amount that was more than what was initially agreed upon.

43. As a result of DEFENDANTS breach of contract, PLAINTIFF has suffered actual and monetary damages.

## COUNT 4
(Violation of the Implied Covenant to Cooperate)

44. PLAINTIFF reasserts and incorporates herein by reference all facts and allegations set forth above.

45. The implied covenant to cooperate is an implied duty of the parties of a contract to "cooperate to the extent necessary for the contract's performance." SP Terrace, L.P. v. Meritage Homes of Texas, LLC, 334 S.W.3d 275, 285 (Tex. App. Houston [1st Dist.] 2010) (citing Bank One, Tex., N.A. v. Stewart, 967 S.W.2d 419, 434 (Tex. App. Houston [14th Dist.] 1998)).  When applicable, the implied duty to cooperate prohibits

a party to a contract from hindering, preventing, or interfering with the other party's ability to perform its contractual duties. *Id.*

46. DEFENDANTS owed PLAINTIFF an implied covenant to cooperate with respect to the settlement agreement entered between DEFENDANTS and PLAINTIFF.

47. By way of the foregoing conduct, DEFENDANTS breached the implied covenant to cooperate that it owed to PLAINTIFF with respect to the settlement agreement.

48. DEFENDANT GECU has interfered with PLAINTIFF'S ability to perform his duties under the settlement agreement by not accepting PLAINTIFF'S March 30, 2020, payment.

49. Further, DEFENDANT BLALACK & WILLIAMS has interfered with PLAINTIFF'S ability to perform his duties under the settlement agreement by refusing to honor the settlement agreement.

50. Additionally, DEFENDANT BLALACK & WILLIAMS has acted unreasonably and deprived PLAINTIFF of the benefit of the bargain of the settlement agreement by refusing to perform its obligations under the settlement agreement.

51. Specifically, DEFENDANT BLALACK & WILLIAMS owed a duty to PLAINTIFF to take all steps to honor the original agreement and to not engage in conduct that might result in the settlement agreement not being honored.

52. As a result of DEFENDANTS' breach of the implied covenant to cooperate, PLAINTIFF has suffered actual and monetary damages.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF demands that judgment be entered against DEFENDANT as follows:

1) That judgment be entered against DEFENDANT BLALACK & WILLIAMS for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2) That judgment be entered against DEFENDANT BLALACK & WILLIAMS for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4) That judgement be entered against DEFENDANT GECU for actual and monetary damages accrued by PLAINTIFF as a result of DEFENDANT'S breach of contract;

5) That judgement be entered against DEFENDANTS for actual and monetary damages accrued by PLAINTIFF as a result of DEFENDANTS' breach of the implied covenant to cooperate;

6) That judgment be entered against DEFENDANTS for actual damages pursuant to TX FIN § 392.403(a)(2);

7) That the Court award costs and reasonable attorney's fees pursuant to TX FIN § 392.403(b); and

8) That the Court grant such other and further relief as may be just and proper.

Dated:  February 3, 2021

/s/ Thomas J. Bellinder, Esq.
Thomas J. Bellinder (Texas State Bar No. 24098794)
Law Offices of Robert S. Gitmeid & Associates, PLLC
11 Broadway, Suite 960
New York, NY 10004
Toll Free: (866 249-1137
Phone: (212) 226-5081
Fax: (212) 208-2591
www.GitmeidLaw.com